IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRIMROSE ALLOYS, INC. | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| DE WELL CONTAINER SHIPPING, INC., | ) |
| and WILLMAR INTERNATIONAL, INC. | ) |
| Defendants. | ) |

### COMPLAINT

Plaintiff, PRIMROSE ALLOYS, INC. ("PRIMROSE"), by and through its attorneys LAW OFFICES OF STEVEN C. WEISS, complains of Defendants, DE WELL CONTAINER SHIPPING, INC. ("DE WELL") and WILLMAR INTERNATIONAL, INC., ("WILLMAR"), as follows:

### THE PARTIES

1. At and during all times hereinafter mentioned, Plaintiff, PRIMROSE was and is a corporation engaged in the business of trading metallic alloy products, and is a business entity organized and existing under and pursuant to the laws of one of the states of the United States, with principal offices located in Burlingame, CA. PRIMROSE is the owner of the shipments which are the subject matter of this action.

2. At and during all times hereinafter mentioned, Defendant, DE WELL was a corporation organized and existing pursuant to the laws of New York, with principal offices located in New York, doing business as a common carrier of goods by water and was registered to do business in Illinois.

3. At all times material hereto, Defendant DE WELL provided its services as a Non-

1

Vessel Operating Common Carrier pursuant to authority issued to it by the Federal Maritime Commission, and was and now is engaged in business as a common carrier of merchandise by water for hire and owned, chartered, managed or otherwise controlled the vessels engaged in the common carriage of merchandise by water for hire between, among others, ports of Chongqing, China and Chicago, Illinois, which was the port of delivery of the shipments which are the subject of this action.

4. Defendant, DE WELL is and was at all times relevant hereto within the jurisdiction of this Honorable Court and within this District.

5. Defendant, WILLMAR, is a corporation organized pursuant to the laws of Ohio, with principal offices located in North Baltimore, Ohio, and is doing business in Illinois operating a trans-loading facility at the Port of Chicago and performing trans-loading of freight discharged from ocean going vessels at that and other ports in the U.S.

## JURISDICTION AND VENUE

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

7. Plaintiff brings this action within the Admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and the Carriage of Goods By Sea Act ("COGSA"), 46 U.S.C. §30701 et. seq.

8. This Court's jurisdiction is also based upon 28 U.S.C. §1367 because the claims of this action are so related to the Admiralty and maritime claim in this action that they form part of the same case or controversy.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the defendants at all times relevant herein were located here.

## COUNT I

10. Plaintiff repeats and re-alleges the allegations in the proceeding paragraphs 1 through 9 inclusive as though set forth at length herein.

11. On or about July 5, 2015 and August 13, 2015, there was shipped and delivered to Defendant DE WELL, shipments of aluminum sheets then being in good order and condition, and the Defendant, DE WELL then and there accepted the shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport, carry and deliver said shipments to PRIMROSE in the same like good order, all in accordance with the terms and conditions of the bills of lading attached hereto and incorporated herein as Exhibits A and B.

12. Defendant DE WELL failed to make delivery of the said shipments in like good order and condition as when shipped, delivered to and received by it, but on the contrary, delivered them in a damaged condition and impaired in value, all in violation of Defendant DE WELL's obligations and duties as a common carrier of merchandise by water and by land for hire.

13. Plaintiff was the consignee and owner of the shipments above mentioned and brings this action on its behalf and as agent and trustee on behalf of and for the interest of all parties who are or may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiff, PRIMROSE is entitled to maintain this action.

14. Plaintiff, PRIMROSE has performed all valid conditions on its part to be performed.

**WHEREFORE,** Plaintiff, PRIMROSE ALLOYS, INC. prays:

That process in due form of law may issue against Defendant DE WELL CONTAINER SHIPPING, INC. citing it to appear and answer all and singular the matters aforesaid;

That if defendants cannot be found within this District, then all their property within this District be attached in the sum of $52,403.67, with interest thereon and costs, the sum sued for in this Complaint;

That judgment may be entered in favor of Plaintiff against Defendant, DE WELL CONTAINER SHIPPING, INC. for the amount of Plaintiff's damages in the sum of $52,403.67, together with prejudgment interest, post judgment interest, and costs and the disbursements of this action;

And that this Court award Plaintiff, PRIMROSE ALLOYS, INC. such other and further relief as may be just and proper.

## **COUNT II**

15. Plaintiff repeats and re-alleges the allegations in the preceding paragraphs 1 through 14 inclusive as though set forth at length herein.

16. Defendants DE WELL and WILLMAR negligently, grossly negligently, wrongfully, recklessly, maliciously, purposefully, in breach of contract, all in failure to provide the necessary care and protection to the cargo causing their damage in the amount of $52,453.65.

17. Such acts or omissions proximately caused the shipments of cargo to be damaged.

WHEREFORE, Plaintiff, PRIMROSE ALLOYS, INC. respectfully prays for

judgment in its favor and against Defendants, DE WELL CONTAINER SHIPPING, INC. and WILLMAR INTERNATIONAL, INC. in the amount of Fifty-Two Thousand Four Hundred Fifty-Three and 65/100 Dollars ($52,453.65), plus pre-judgment and post judgment interest and such further relief as this Court deems just and proper.

### COUNT III

18. Plaintiff repeats and re-alleges the allegations in the preceding paragraphs 1 through 17 inclusive as though set forth at length herein.

19. Defendants were bailees of the cargoes and breached their duties as such causing damage to the cargo and to Plaintiff.

20. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $52,453.65.

WHEREFORE, Plaintiff, PRIMROSE ALLOYS, INC. respectfully prays for judgment in its favor and against Defendants, DE WELL CONTAINER SHIPPING, INC. and WILLMAR INTERNATIONAL, INC. in the amount of Fifty-Two Thousand Four Hundred Fifty-Three and 65/100 Dollars ($52,453.65), plus pre-judgment and post judgment interest and such further relief as this Court deems just and proper.

Dated: August 24, 2016

| | |
|---|---|
| Steven C. Weiss<br>Law Offices of Steven C. Weiss<br>One Northbrook Place<br>5 Revere Drive, Suite 200<br>Northbrook, IL 60062<br>Tel: (847) 281-7433<br>Fax: (847) 205-5330<br>Email: scweiss@weisslaw.org | Respectfully Submitted,<br><br>**PRIMROSE ALLOYS, INC.**<br><br>Plaintiff,<br><br>By: /s/ Steven C. Weiss\_\_\_\_\_<br>Attorney for Plaintiff |